# Exhibit A

No. 12S2100044
*Celia Ibarra v. Midland Credit Management, Inc.;*
Justice Court, Precinct 1, Place 2, Bexar County, Texas

**Exhibit "A"**

**Index Of State Court File Documents**

| | | |
|---|---|---|
| A-1 | Plaintiff's Original Petition | 02/23/2021 |
| A-2 | Citation | 02/24/2021 |
| A-3 | Defendant's Original Answer and Affirmative Defenses to Plaintiff's Original | 03/15/2021 |

# Exhibit A-1

123210044
Cause No.

| | | |
|---|---|---|
| Celia Ibarra | § | In the Justice Court |
| | § | |
| | § | |
| | § | |
| *versus* | § | Precinct 1 Place 1 |
| | § | |
| | § | |
| | § | |
| Midland Credit Management Inc. | § | Bexar County, Texas |
| | § | |

## Plaintiff's Original Petition

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Celia Ibarra files this Petition against Plaintiff, Midland Credit Management, and in support thereof, would respectfully show this honorable Court and jury the following:

## I. Preliminary Statement

1. This action arises from the illegal practices engaged in by Plaintiff, in the course of attempting to collect consumer debts, which violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392 *et seq.*

2. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of

FILED
JUSTICE COURT PCT. 1
2021 FEB 23 PM 12: 11
BEXAR COUNTY, TEXAS

individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

3. The FDCPA focuses on the conduct of the debt collector and not on the merits of the alleged debt. Whether a debt is actually owed has no relevance to whether the debt collector complied with the FDCPA. Consequently, the individuals from who debt collectors seek payment are defined as "consumers." 15 U.S.C. § 1692a.

4. When collecting or attempting to collect a debt, the FDCPA demands the debt collector treat people respectfully, honestly, and fairly by proscribing its use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

5. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated" or "least sophisticated" consumer. *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004).

Consistent with both standards, the Fifth Circuit assumes the debtor is "neither shrewd nor experienced in dealing with creditors." *Id.* The Fifth Circuit seeks to protect "all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices." *Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997).

6. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000; a class may recover no more than $500,000 or 1% of the debt collector's net worth, whichever is less. *Id.*

7. The TDCA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. Tex. Bus. & Com. Code Ann § 17.50; *Cushman v. GC Services, L.P.*, 397 Fed. Appx. 24 (5th Cir. 2010) (discussing the "tie-in" provision between the TDCA and deceptive practices Acts).

8. Plaintiff seeks statutory damages, injunctive relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this

Court, pursuant to the FDCPA, TDCA, and all other common law or

statutory regimes.

## II. Parties

9. Plaintiff, Midland Credit Management, Inc., is a for profit Kansas

corporation and, on information and belief, is registered to transact

business in Texas.

10. A principal business location of Midland is 3111 Camino Del Rio North,

Suite 1300, San Diego, California 92108.

11. Defendant, Celia Ibarra, is a natural person.

12. At all times relevant to this complaint Defendant was a citizen of, and

resided in, the City of San Antonio, Bexar County, Texas.

13. Midland may be served with process via its registered agent Corporation

Service Company d/b/a CSC-Lawyers Inc. at 211 E. 7th Street, Suite 620

Austin, Texas 78701.

## III. Venue and Jurisdiction

14. Venue is appropriate in Bexar County, Texas because all or a substantial

part of the acts or omissions giving rise to the causes of action were

committed in Bexar County, Texas and the Plaintiff is located in Bexar

County, Texas. Accordingly, venue is proper pursuant to Texas Civil

Practice and Remedies Code § 15.002.

15. This Court has jurisdiction of Plaintiff's claims as it is a court of competent jurisdiction per 15 U.S.C. § 1692k(d) and Plaintiffs' damages are within this Court's jurisdictional limits.

## IV. Facts

16. Midland is a bulk purchaser of portfolios of defaulted consumer debt from banks and finance companies, as well as other debt buyers, for pennies on the dollar.

17. After purchasing defaulted consumer debts from third parties, Midland undertakes to liquidate those debts through a letter writing campaign followed by filing lawsuits to collect them.

18. Midland files collection suits en masse. On information and belief, Midland has been the plaintiff in more than 50,000 lawsuits in state courts in Texas in the twelve months prior to filing this lawsuit.

19. Filing a lawsuit is an out of pocket expense to Midland, that it is unable in inflate.

20. To avoid adding to the cost of debts that may not be recoverable, Midland sends letters attempting to settle debts before filing suit.

21. Midland has a series of no less than four letters its sends to consumers.

22. This course of letters begins at or around the time Midland acquires a debt.

23. This course of letters ends with a series of "pre-litigation" letters.

24. Each of the letters Midland sends asks the consumer to call to negotiate the debt.

25. Ibarra availed herself of Midland's requests and called.

26. Midland's representative attempted to get her to pay the debt.

27. When she was resistant, Midland's attempts turned into threats.

28. Midland's representative threatened that Midland could take her home.

29. Midland's representative threatened that Midland could garnish her wages.

30. Under Texas law, Ibarra and all other Texans enjoy broad exemptions.

31. These exemptions include Ibarra's wages, home, vehicle, personal property, two firearms, and other assets. [1]

32. Midland's threats that it will take Ibarra's exempt property is false and misleading.

## V. First Cause of Action – Fair Debt Collection Practices Act

33. Defendant realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

34. Midland is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

35. The Debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

36. Defendant is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

---

[1] *See* Tex. Prop. Code §§ 41 and 42.

37. The phone call was a "communication" within the meaning of 15 U.S.C. § 1692a(2).

38. Midland's use of threats to take exempt property violated the FDCPA in that they:

    a.  Used false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §1692e including, but not limited to, §§ 1692e(2), 1692e(5), and 1692e(10); and

    b.  Used unfair or unconscionable means in violation of 15 U.S.C. § 1692f including, but not limited to, §§ 1692f(1) 1692f(6).

39. Defendant was deceived by Midland and denied truthful and accurate information required by the FDCPA and suffered actual damages as a result of Defendant's conduct.

40. Midland's conduct invaded the rights of Defendant that are protected by the FDCPA, the invasion and/or deprivation of which caused an injury-in-fact.

41. Based on a single violation of the FDCPA, Defendant is liable to Defendant for such relief allowed under 15 U.S.C. § 1692k.

## VI. Count Two: Violation of the TDCA

42. Defendant realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

43. Midland is engaged in the act and/or practice of "debt collection" as that term is defined by Tex. Fin. Code § 392.001(5).

44. Midland is a "debt collector" within the meaning of Tex. Fin. Code § 392.001(5).

45. Midland is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

46. The Debt is a "consumer debt" as defined by Tex. Fin. Code § 392.001(2).

47. Ibarra is a "consumer" within the meaning of Tex. Fin. Code § 392.001(1).

48. Midland violated the TDCA including but not limited to:

    a. Tex. Fin. Code § 392.301(a)(7) by threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings;

    b. Tex. Fin. Code § 392.301(a) (8) by threatening to take an action prohibited by law; and

    c. Tex. Fin. Code § 392.304(a)(19) by using false, deceptive, and misleading representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

49. Midland's illegal conduct invaded the rights of Defendant which are protected by the TDCA, the invasion of which caused injury-in-fact.

## VII. Prayer for Relief

WHEREFORE, Defendant respectfully requests the Court enter judgment in

her favor and against Plaintiff. Specifically, Defendant requests an Order:

a. Actual damages per 15 U.S.C. § 1692 k(a)(1);
b. Statutory damages per 15 U.S.C. § 1692k(a)(2);
c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3);
d. Actual damages per Tex. Fin. Code § 392.403(a)(2); and
e. Attorney's fees, costs, and litigation expenses per Tex. Fin. Code § 392.403(b).

Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com

Caliber Security Consultants
3030 Nacogdoches Road, Suite 222
San Antonio, Texas 78217

OF THE RETURN ADDRESS. FOLD AT DOTTED LINE
CERTIFIED MAIL®
7019 0140 0000 1718 1611

UNITED STATES
POSTAL SERVICE
1000

78701

U.S. POSTAGE PAID
FCM LG ENV
SAN ANTONIO, TX
78232
FEB 25, 21
AMOUNT
$7.85
R2305M144066-08

Corporation Service Company
211 E. 7th Street, Suite 620
Austin, Texas 78701

# Exhibit A-2

PRIVATE PROCESS

MIDLAND CREDIT MANAGEMENT INC.
CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INC.
H: 211 E. 7TH STREET, SUITE 620
AUSTIN TEXAS 78701

**Cause No.** 12S2100044

**In the JUSTICE COURT of**
**Bexar County, Texas**
**BEXAR PRECINCT 1, Place 2**

**SMALL CLAIMS/DEBT CLAIM CASE CITATION**

CELIA IBARRA

VS.

MIDLAND CREDIT MANAGEMENT INC.

Came to hand ______________ day of ______________ A.D. 20 ________, at ________ o'clock ____ M., and executed on the ________ day of ______________ 20 ________ . ________ o'clock, ______ M.
by delivering to: ______________________

______________________

______________________

______________________

in person a true copy of this citation.
Private Process

______________________
Non-Peace Officer Verification

Verification of return (if not served by peace officer)
Sworn to this ______ day of ____________ 20______
By: ______________________ Server
Notary Public, State of Texas

**DATE STAMP AND TIME: 2/24/2021 12:21:34 PM**

| Date: | Time: | Officer's Remarks |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

DOC402

PRIVATE PROCESS
**THE STATE OF TEXAS**

No. 12S2100044

CELIA IBARRA

Plaintiff(s)

VS.

MIDLAND CREDIT MANAGEMENT INC.

Defendant(s)

In the Justice Court
BEXAR PRECINCT 1, Place 2
Bexar County, Texas

**SMALL CLAIMS/DEBT CLAIM CASE CITATION**

THE STATE OF TEXAS TO MIDLAND CREDIT MANAGEMENT INC. , DEFENDANT, in the hereinafter-styled and numbered cause.

**You have been sued. You may employ an attorney to help you in defending against this lawsuit. But you are not required to employ an attorney. You or your attorney must file an answer with the court. Your answer is due by the end of the 14th day after the day you were served with these papers. If the 14th day is a Saturday, Sunday, or legal holiday, your answer is due by the end of the first day following the 14th day that is not a Saturday, Sunday, or legal holiday. Do not ignore these papers. If you do not file an answer by the due date, a default judgment may be taken against you. For further information, consult Part V of the Texas Rules of Civil Procedure, which is available online and also at the court listed on this citation.**

This citation is issued pursuant to a petition filed by the above-named plaintiff on 23rd day of February, 2021.

The plaintiff's attorney's name and address, or the plaintiff's address, if they have no attorney, are: WILLIAM M. CLANTON , whose address is 926 CHULIE DR SAN ANTONIO TEXAS 78216, Bexar County, Texas. If plaintiff has no attorney, plaintiff's address is 926 CHULIE DR. SAN ANTONIO, TEXAS 78216-. Your answer may be filed with this court, located at 3505 Pleasanton Rd, San Antonio, TX 78221 2734

ISSUED this 24th day of February, 2021

JUSTICE OF THE PEACE PCT. 1, BEXAR COUNTY, TEXAS

By: Ciro D Rodriguez Clerk/Judge

JUDGE CIRO D RODRIGUEZ
Justice Court BEXAR PRECINCT 1, Place 2
3505 Pleasanton Rd
San Antonio, TX 78221-2734
Phone: 210-335-4500

WILLIAM M CLANTON
**Plaintiff Attorney (210) 226-0800**
926 CHULIE DR.
SAN ANTONIO, TEXAS 78216-

DOC402

COPY Original

# Exhibit A-3

**CAUSE NO. 12S2100044**

| | | |
|---|---|---|
| **CELIA IBARRA** | § | **IN THE JUSTICE COURT** |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **PRECINCT 1 PLACE 2** |
| | § | |
| **MIDLAND CREDIT MANAGEMENT, INC.,** | § | |
| | § | |
| | § | |
| ***Defendant.*** | § | **OF BEXAR COUNTY, TEXAS** |

**DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION**

COMES NOW, Defendant Midland Credit Management, Inc. ("***MCM***"), and files this its Original Answer and Affirmative Defenses to Plaintiff's Original Petition (the "***Petition***"), and show the court as follows:

**GENERAL DENIAL**

1. MCM generally denies each and every claim, charge, and allegation contained in Plaintiff's Original Petition as well as any amendments and supplementations thereto, as provided by TEX. R. CIV. P. 92 and requests that the Court require Plaintiff to prove his claims by a preponderance of the credible evidence or by clear and convincing evidence as required by law.

**AFFIRMATIVE DEFENSES**

2. MCM's liability, if any, is eliminated by Section 392.401 of the Texas Finance Code because any violation by MCM was not intentional, but resulted from a bona fide error notwithstanding the use of reasonable procedures adopted by MCM to avoid any such error.

3. Plaintiff has failed to plead any plausible claims for which relief can be granted.

4. Some or all of Plaintiff's claims are barred by failure of consideration.

FILED
JUSTICE COURT PCT. 1
2021 MAR 15 PM 3:42
BEXAR COUNTY, TEXAS

5.      Plaintiff's claims are barred, in whole or in part, because MCM's conduct was not the producing, nor the proximate, cause of Plaintiff's alleged losses, damages, and/or injuries.

6.      Plaintiff's claims are barred, in whole or in part, because Plaintiff is unable to prove his alleged losses, damages, and/or injuries in accordance with Texas law.

7.      Some or all of Plaintiff's claims are barred due to unclean hands.

8.      Some or all of Plaintiff's claims are barred due to the statute of limitations.

9.      Some or all of Plaintiff's claims are barred by the economic-loss doctrine.

10.     Plaintiff's claims fail due to the doctrines of estoppel and/or quasi estoppel.

11.     Some or all of Plaintiff's claims are barred by the statute of frauds.

12.     Some or all of Plaintiff's claims are barred by waiver.

13.     MCM is entitled to an offset of any damages awarded under the doctrine of recoupment and offset.

14.     MCM is equitably and contractually subrogated as to all of the claims contained in Plaintiff's suit.

15.     Some or all of Plaintiff's claims are barred by his failure to perform his own contractual obligations, if any.

16.     MCM's acts or omissions were not the cause of injury, damage, or loss to Plaintiff, if any.

For the reasons stated above, MCM requests that Plaintiff take nothing by her Petition, and for such other and further relief for which it may be entitled.

**Respectfully submitted,**

By: ______________________

**GREGG D. STEVENS**
Texas State Bar No. 19182500
**FRANK J. CATALANO**
Texas State Bar No. 24052991
**MCGLINCHEY STAFFORD PLLC**
Three Energy Square
6688 N. Central Expressway, Ste. 400
Dallas, Texas 75206
Telephone: (214) 445.2445
Facsimile: (214) 445.2450
gstevens@mcglinchey.com
fcatalano@mcglinchey.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Original Answer has been served on all parties in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this 12th day of March, 2021 to all known counsel of record.

______________________
**FRANK J. CATALANO**